

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 14, 2018.**

_____
 CRAIG A. GARGOTTA
 UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-52577-CAG |
| | § | |
| FABIAN GALINDO and | § | CHAPTER 7 |
| PATRICIA ANN GALINDO, | § | |
| | § | |
| Debtors. | § | |

### ORDER DENYING CHAPTER 7 TRUSTEE'S OBJECTION TO THE DEBTORS' AMENDED SCHEDULE C: THE PROPERTY YOU CLAIMED AS EXEMPT (ECF NO. 85)

Before the Court is Chapter 7 Trustee's Objection to the Debtors' Amended Schedule C: The Property You Claimed as Exempt (ECF No. 85) ("Objection") and Debtor's Response to Trustee's Objection to Exemption (ECF No. 89) ("Response"). The Court held a hearing on this matter on October 2, 2018 and took the matter under advisement. The Court finds that the Objection should be denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. Objections to exemptions are core proceedings under 28 U.S.C. § 157(b)(2)(B). Venue is proper

1

under 28 U.S.C. §§ 1408 and 1409. This matter is referred to this Court pursuant to the District's Standing Order of Reference.

## BACKGROUND

Fabian and Patricia Ann Galindo ("Debtors") filed a Chapter 13 petition for relief on October 23, 2015. As part of their chapter 13 petition, Debtors listed the following assets under the Schedule B category for automobiles, trucks, trailers, and other vehicles and accessories category: 2012 Ford F-150 ("F-150"), 2011 Chevrolet Camaro LS ("Camaro"), 1995 Dodge Caravan, one trailer with 8 x 6 flatbed, and 2007 Harley Davidson Sportster ("Sportster") (ECF No. 1). On their Schedule C ("Initial Schedule C"), Debtors claimed exemptions in the Camaro and the Sportster pursuant to Tex. Prop. Code §§ 42.001(a)(1), (2) and 42.002(a)(9) (ECF No. 1). No party objected to Debtors' claimed exemptions in the Camaro and the Sportster. The Court confirmed Debtors' Chapter 13 plan on December 18, 2015 (ECF No. 29). Debtors continued their Chapter 13 case until they voluntarily converted their case to a Chapter 7 proceeding on March 1, 2018 (ECF No. 53).

After Debtors converted their case, Debtors and Ford Motor Credit Company LLC ("Ford Motor Credit") entered into an Agreed Order Lifting Stay (ECF No. 68) on May 1, 2018, that terminated the automatic stay as to the F-150. Subsequently, Ford Motor Credit repossessed and sold the F-150 in an auction. Ford Motor Credit sent the Chapter 7 Trustee ("Trustee") a check in the amount of $9,723.95 which was the surplus of proceeds that remained after Ford Motor Credit satisfied its lien on the F-150 (the "F-150 Proceeds"). Trustee sent Debtors a copy of the check to inform them of the surplus proceeds.

On May 8, 2018, Randolph Brooks Federal Credit Union ("RBFCU") obtained an Order Lifting Stay of Actions against the Camaro (ECF No. 73). RBFCU liquidated the Camaro and filed

2

Amended Proof of Claim No. 4 on July 19, 2018. RBFCU's claim shows that sales proceeds from the Camaro were applied to four obligations owed to RBFCU that were cross-collateralized, including a lien note on the Camaro, two lines of credit, and a personal loan. After RBFCU applied sale proceeds from the Camaro to Debtors' four obligations, a deficiency balance of $797.87 remained.

On June 22, 2018, Debtors filed Amended Schedules B and C (ECF No. 82). In their amended Schedule C ("Amended Schedule C"), Debtors changed their automobile exemptions, claiming an exemption in: (1) the Sportster, and (2) in the F-150 Proceeds. Debtors' description of the F-150 Proceeds in Amended Schedules B and C states as follows:

> 2012 Ford F-150 (53,000 miles) - vehicle surrendered post-conversion. After vehicle auctioned by Creditor, post-conversion to Ch 7, surplus of $9723.95. Actual balance owed on date of conversion is unknown due to payments made during Ch 13 and interest.

On July 2, 2018, Trustee filed the Objection. On July 23, 2018, Debtors filed their Response. The Court held a hearing on the Objection on October 2, 2018.

### CONTENTIONS OF THE PARTIES

In his Objection, Trustee argues that he is prejudiced by Debtors' removal of the Camaro and addition of the F-150 Proceeds on their Amended Schedule C. Specifically, Trustee asserts that he suffered prejudice because he was deprived of the opportunity to liquidate the Camaro. Additionally, Trustee argues that Debtors' exemption in the Camaro removed it from the estate, and that removal of the Camaro from Debtors' Amended Schedule C did not cause it to come back into the estate to be administered as an asset. Trustee requests: (1) that the Court deny and overrule Debtors' claim of exemption in the proceeds of the F-150; and (2) that the proceeds of the liquidation of the F-150 in the amount of $9,723.95 remain an asset of the estate for administration by Trustee.

3

In their Response, Debtors argue that they have properly claimed an exemption in one vehicle per driver in the household as permitted by Tex. Prop. Code §§ 42.001(a)(1), (2) and 42.002(a)(9) and, as such, they are entitled to amend their schedule of exemptions to remove the Camaro and include the F-150 Proceeds.[1] Debtors further argue that changing their exemption from the Camaro to the F-150 Proceeds did not prejudice Trustee or unsecured creditors because there was no equity in the Camaro. At oral argument, Debtors argued that under the Supreme Court's decision in *Schwab v. Reilly*, 560 U.S. 770 (2010), their claimed exemption of $10,000.00 in the Camaro guaranteed the dollar amount of the vehicle exemption generally, and if the exemption claimed is "dollar limited," then "the asset does not leave the estate."[2] (Trial Audio, October 2, 2018, 55:43−56:04).

## LEGAL ANALYSIS

Section 522(l) of the Bankruptcy Code allows a debtor, upon filing a petition for relief, to file a list of exempt property that "[removes] certain property from the estate under federal or state law, thereby shielding it from creditors." *In re DeBerry*, 884 F.3d 526, 528 (5th Cir. 2018). Federal Rule of Bankruptcy Procedure 4003(b) sets the deadline for filing an objection to a debtor's exemptions, giving a party in interest thirty days to object after either (i) the conclusion of the § 341(a) meeting of creditors, or (ii) any amendment to the list of exempt assets is made, whichever is later. Pursuant to Bankruptcy Rule 4003(c), the party objecting to the amendment of an exemption has the burden of proving that the debtor's exemptions are not properly claimed. *In re Shurley*, 163 B.R. 286, 291 (Bankr. W.D. Tex. 1993). The burden of proof in Rule 4003 objections

---

[1] Since the inception of the case, Debtors have continued to claim the Sportster as one of their permitted exemptions. Trustee does not contest Debtors' exemption in the Sportster.
[2] The Court does not address Debtors' arguments that *Schwab v. Reilly* is a defense to Trustee's Objection because Trustee, as the objecting party, has the burden of proving that the exemptions are not properly claimed. *See* Fed. R. Bankr. P. 4003(c).

4

is a preponderance of the evidence. *Id*. (citations omitted). "If the evidence is such that a decision on a point cannot be made one way or the other, the party with the burden of proof loses." *Id*. (quoting *Texas Distribs., Inc. v. Local Union No. 100*, 598 F.2d 393, 402 (5th Cir. 1979)).

In the present case, Trustee contends that he has been prejudiced by Debtor's amended exemption in the F-150 Proceeds. A debtor may amend his schedules, including his schedule of exemptions, "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). In general, courts allow liberal amendment of exemption claims unless there is a showing of bad faith, concealment of property, or prejudice.[3] *Stinson v. Williamson (In re Williamson)*, 804 F.2d 1355, 1358 (5th Cir. 1986). In determining whether an amendment would prejudice a party in interest, "a court must determine whether the creditor would be adversely affected by having detrimentally relied on the debtor's initial position." 9 *Collier on Bankruptcy* ¶ 1009.02[1], p. 1009 (Lawrence P. King et al. eds., 16th ed. rev. 2018).

Trustee's Objection refers to this Court's holding in *In re Schellenberg* to support his assertion that prejudice is cause to deny Debtors' amended claim of exemption in the F-150 Proceeds. *In re Schellenberg*, No. 09-10272-CAG, 2010 WL 1856351 (Bankr. W.D. Tex. May 7, 2010). In *Schellenberg*, this Court found that the chapter 7 trustee suffered prejudice due to detrimental reliance when debtors, who switched from Texas-state exemptions to federal exemptions, were able to "exempt more property than was originally claimed and was originally exempt."[4] *In re Schellenberg*, 2010 WL 1856351 at *3. Unlike in *Schellenberg*, here, Debtors' amendments did not allow them to exempt more property than was originally clamed and

---

[3] Trustee did not allege that Debtors' amendments were made in bad faith or to conceal property. As such, the Court's analysis focuses solely on Trustee's claims of prejudice.

[4] In *Schellenberg*, debtors initially exempted their homestead under Texas-state exemptions. After debtors' homestead was foreclosed upon, their case was converted from chapter 13 to chapter 7. Post-conversion, debtors amended their schedules to claim federal exemptions, which resulted in new exemptions in four checking accounts and one savings account, a personal injury award, and some miscellaneous items.

5

originally exempt. In their Initial Schedule C and their Amended Schedule C, Debtors claimed Texas-state exemptions. Under TEX. PROP. CODE § 42.002(a)(9), Debtors' Initial Schedule C and Amended Schedule C claimed exemptions in two vehicles for two drivers, or one exemption per each debtor who held a driver's license.[5] (ECF Nos. 1, 82).

Other courts have found that detrimental reliance was shown when a trustee "engaged in efforts to sell certain property, which efforts he or she might have foregone had the debtor initially claimed such property as exempt." *In re Cudeyro*, 213 B.R. 910, 919 (Bankr. E.D. Pa. 1997) (citations omitted). Similarly, courts have found prejudice in situations where "expenses have been incurred by the estate in order to recover or monetize an asset for the benefit of creditors, only to have the debtor then amend his exemptions to include the asset." *In re Bowen*, No. 03-43409-rfn-7, 2005 Bankr. LEXIS 824 at *11 (Bankr. N.D. Tex. Feb. 7, 2005). Additionally, courts have determined that amended schedules should be disallowed as prejudicial if "a distribution of assets has already been made on the basis of exemptions previously claimed." *Id*. (citations omitted); *see In re Talmo*, 185 B.R. 637 (Bank. S.D. Fla. 1995) (finding amendment was prejudicial where debtor waited to exempt property until after trustee procured order authorizing sale of that property).

Here, neither Trustee's Objection nor his testimony provide evidence to establish that he took affirmative actions based on his reliance in Debtors' claimed exemptions. The Court agrees that Trustee could not have liquidated the Camaro after the Conversion Date because it was listed as an exempt asset on Debtors' Initial Schedule C. Trustee, however, could have tried to sell the F-150 before Ford Motor Credit entered into the Agreed Order Lifting Stay that allowed it to

---

[5] Debtors chose Texas state exemptions. Under the Texas Property Code, a debtor may exempt a "two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license . . . ," TEX. PROP. CODE § 42.002(a)(9).

6

liquidate the F-150. [6] Trustee did not make any attempt to sell the F-150 during the period of time in which the F-150 was non-exempt. Likewise, Trustee has not asserted that the estate incurred expense in trying recover or liquidate the Camaro or the F-150 for the benefit of creditors. Trustee has not administered any of Debtors' assets. In fact, after Debtors' post-conversion § 341 meeting of creditors was held on April 3, 2018, Trustee filed a Report of No Distribution. Until RBFCU and Ford Motor Credit liquidated the Camaro and the F-150 respectively, neither Trustee nor Debtors believed that either car had equity.

Debtors exercised their rights under Rule 1009(a) to amend their schedules. Consequently, Debtors' Amended Schedule C claims an exemption in the Roadster and in the F-150 Proceeds. Trustee's inability to recover from an exempt asset does not constitute grounds for denying an amendment under Rule 1009(a). *In re Williamson*, 804 F.2d at 1358. Therefore, based on the facts in this case, the Court concludes that Trustee has failed to demonstrate that he was prejudiced by Debtors' amendments to their schedules.

IT IS THEREFORE ORDERED that the Chapter 7 Trustee's Objection to the Debtors' Amended Schedule C: The Property You Claimed as Exempt (ECF No. 85) is DENIED.

###

---

[6] Debtors' case was converted from chapter 13 to chapter 7 on March 1, 2018 ("Conversion Date"). On the Conversion Date, the F-150 was disclosed as an asset on Debtors' Schedule B but was not listed as an exemption on Debtors' Initial Schedule C. Therefore, as of the Conversion Date, the Trustee had the opportunity to liquidate the F-150 for the benefit of creditors.